UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-CR-069-RAW |
| | ) | |
| ARMONDO JOSEPH PALMA | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S SENTENCING MEMORANDUM AND

MOTION FOR SENTENCING VARIANCE

The defendant, Armondo Joseph Palma (Palma), submits this Sentencing Memorandum and Motion for Downward Variance for this Court's consideration in his upcoming Sentencing Hearing. Palma requests this Court grant a downward variance that reduces his adjusted offense level sufficiently to allow for a term of imprisonment that is sufficient, but not greater than necessary to comply with the purposes of sentencing. Specifically, Palma requests this court to vary downward one level to an offense level of 42 resulting in a guideline range of 360 – Life.

Palma was arraigned in a multi-count indictment on May 21, 2024. This case contained voluminous discovery and it took some time for counsel to complete the review of it. However, Palma acknowledged the illegality of his conduct and was ready to accept responsibility for his actions as soon as counsel completed discovery review. On November 12, 2024, Palma appeared

before the court and changed his plea from not guilty to guilty. Palma pled guilty to Count 7 of the multi-count indictment.

The offense level resulted in a 53, however, because it was in excess of the highest offense level of 43, the final offense level is treated as a 43 and a criminal history category I. This final guideline range of imprisonment is life. Palma has no prior criminal convictions. The average length of imprisonment imposed for defendants who were as similarly situated as Palma is 301 months with a median length of imprisonment of 264 months. Palma's requests this court to vary downward one level and sentence him to 375 months imprisonment. He requests this based on his lack of criminal history, his acceptance of responsibility, and his desire to seek treatment while he is in custody. A sentence of 375 is still greatly above the national median for other defendants convicted of similar charges yet is sufficient for the purpose of this sentencing.

Pursuant to 18 U.S.C. 3553(a) this Court shall impose a sentence sufficient, but not greater than necessary. The court, in determining the particular sentence to be imposed, shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for-

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement-

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

    Other statutory sections give the court discretion in sentencing. 18 U.S.C. § 3582, instructs that when determining *whether to impose a term of imprisonment*…the Court shall consider all of the section 3553(a) factors, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

    375 months imprisonment is sufficient punishment for Palma. He is a young man that, upon release, will have spent more years imprisoned than he has in society. He has a support group consisting of siblings and his grandmother. Before his arrest, Palma worked on cell towers. He was gone from Oklahoma all but 4 days each month. He will be able to become an expert in a skill while in prison. The most similar to his current occupation would be welding. However, he does have the ability to learn other trades and will have ample time to learn all facets of that skill. Upon release from imprisonment, Palma will be able to integrate into society using the professional tools acquired while in custody as well as the necessary treatment related to this offense. He will be able to become a positive, contributing member of the public.

    Palma grew up in society without a positive male role model. He never knew his father, and his mother was addicted to drugs. His basic needs were met by his grandmother, but the broken home he came from made it difficult to make good, smart life decisions. Without positive role models in his life, Palma was easily influenced by others. When he was a teenager, Palma engaged in a sexual relationship with the co-defendant, Wilson. Wilson was an adult at the time and Palma was a minor. Her influence over him was strong and made a heavy impact on his ability to understand what appropriate sexual behavior is. He knows what he did was incredibly

wrong and will have a lifetime impact on the victim. He is not attempting to shift blame to anyone, but it is important for him to make the court aware that his sexual tendencies were heavily influenced by the relationship he had with Wilson, and that it began when he was a minor and she as an adult.

Palma is deeply regretful for the pain he caused the victim in this case. Not a day has passed that he wishes he could take everything back and have a normal healthy relationship with the victim. He understands and accepts that he needs to be punished for his conduct. Palma accepts the punishment from the court and prays for leniency.

    /s/Ben Hilfiger_____
Ben Hilfiger, OBA #34057
Cook and Hilfiger Law Office
620 W. Broadway
Muskogee, OK 74401
Phone: 918-683-4445
Fax: 918-683-1828
ben@cookhilfiger.com

CERTIFICATE OF SERVICE AND ELECTRONIC SUBMISSION

On April 22, 2025 I electronically filed the PDF formatted version with the Eastern District of Oklahoma via CM/ECF – Document Filing System, to which any necessary privacy redactions have been made.

    /s/ Ben Hilfiger_____
Ben Hilfiger